# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JESUS GAMBOA,<br><br>Defendant | Case No.: 2:13-cr-00341-APG-PAL<br><br>**Order Denying Second Motion to Recalculate Sentence**<br><br>[ECF No. 68] |

Defendant Jesus Gamboa filed a motion requesting that I recalculate his prison time to credit him with time he spent in custody prior to sentencing. ECF No. 68.  This is the second time Mr. Gamboa has requested this relief. *See* ECF No. 160.  I denied his previous request because I do not have the authority to grant prison credit times. *See* ECF No. 67.  Rather, that authority belongs to the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); *United States v Checchini*, 967 F.2d 348, 349-350 (9th Cir. 1992) (citing *Wilson*).

In my prior order, I told Mr. Gamboa that he must first pursue his administrative remedies through the Bureau of Prisons. ECF No. 68.  His motion does not contain any evidence or information showing that he has done so.  I also pointed out that, after exhausting his administrative remedies, the proper way for him to challenge the duration of his confinement is through a petition for habeas corpus under 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).  And I pointed out to Mr. Gamboa that a § 2241 petition must be filed in the district in which he is in custody, rather than in this court.

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that Mr. Gamboa's motion to recalculate his sentence **(ECF No. 68) is denied without prejudice** because I lack the authority to grant it.

DATED this 30th day of November, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE